**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ricardo Arreola, | No. CV-26-01544-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Brian Place, et al., | |
| Defendants. | |

On August 27, 2025, Plaintiff filed a complaint in Maricopa County Superior Court, alleging that while he was staying at "a residential property in Scottsdale, Arizona, which was owned and maintained by Defendants Brian Place and Mattie Place" and had been offered "for short-term rental through the Airbnb platform," Plaintiff "encountered a dangerous condition, an unknown slippery substance on the surface of the slide or the surrounding area," which, "combined with the lack of safety features such as handrails, caused Plaintiff to slip and fall from the top of the slide, resulting in a dangerous and preventable accident." (Doc. 1-1 at 19-20 ¶ 14.)  The complaint alleges that Plaintiff "is a resident" of Arizona and that Brian and Mattie Place ("the Places") are "residents" of California.  (*Id.* at 17 ¶¶ 1-2.)

On March 5, 2026, the Places removed the action.  (Doc. 1.)  The notice of removal alleges that Plaintiff is a "citizen of Arizona" and that the Places "are residents of California."  (*Id.* at 3.)

The Court has an independent obligation to determine whether it has subject-

matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Other than for cases under the Class Action Fairness Act of 2005 (CAFA)," courts in the Ninth Circuit "strictly construe the removal statute against removal jurisdiction." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets the "complete diversity" requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). "The presence of any single plaintiff from the same state as any single defendant destroys 'complete diversity' and strips the federal courts of original jurisdiction over the matter." *Drabot v. Sparks*, 2024 WL 3153339, *1 (C.D. Cal. 2024).

The party seeking to invoke diversity jurisdiction has the burden of proof. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

"[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "[W]here the circumstances show that the allegations . . . are implausible, the district court may require more specific pleading." *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012). However, "where the district court has doubts about whether diversity exists, the district court may insist that the jurisdictional facts be established . . . and for that purpose the court may demand that

the party alleging jurisdiction justify its allegations by a preponderance of evidence." *Id.* Whether a "jurisdictional averment" is "deficient" is a separate matter from whether "a party asserting federal subject matter jurisdiction [establishes] its jurisdictional allegations by competent proof." *Id.* at 851-52.

Here, the Court perceives two separate issues that call into question its subject-matter jurisdiction. The first is a pleading issue. The notice of removal alleges that the Places are "residents of California," but that is a deficient jurisdictional averment. "It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the . . . courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction." *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905). "To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her *permanent* home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 858-59 (9th Cir. 2001) (emphasis added) (citations omitted). Thus, an allegation regarding a party's state of residence fails to establish his or her state of domicile for diversity purposes.

A deficient jurisdictional averment can be remedied by an amended notice of removal. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings."); *Colston v. Allstate Vehicle Prop. & Ins. Co.*, 2025 WL 2202451, *1 (D. Ariz. 2025) ("[T]he Court noted that the jurisdictional allegations in the removal notice were insufficient to establish complete diversity for various reasons, including that the removal notice only alleged the state of residence (rather than the state of domicile) for each Plaintiff. . . . Rather than remand the action at that time, the Court gave Defendant the opportunity to file an amended removal notice.").

However, the second issue causing the Court to question whether it has subject-

matter jurisdiction is not a pleading issue and will not necessarily be resolved by an amended notice of removal (which could simply substitute the word "citizens" for "residents" and satisfy the liberal pleading standard).  The Places allegedly own and maintain a property in Arizona,[1] and the circumstances surrounding the Places' ownership of this property are unknown to the Court.  It may be that the Places resided in Arizona and now reside in California, which could raise questions as to their true place of domicile.  *Lew*, 797 F.2d at 751 ("[C]ourts have created a presumption in favor of an established domicile as against a newly acquired one."); *Harrell v. Kepreos*, 2005 WL 730639, *2 (D. Or. 2005) ("The burden is on the party asserting jurisdiction to plead and prove facts of diverse citizenship by a preponderance of the evidence.  However, there is a heavier burden on a party trying to show a change of domicile than on a party trying to show retention of an existing or former domicile.").  Or it may be that the Places have never resided in Arizona and simply acquired an investment property in a state where they never lived.  What is clear, however, is that one of the factors applicable to the determination of an individual's domicile—location of real property—points to the possibility that the Places could be domiciled in Arizona.  *Lew*, 797 F.2d at 750 ("[T]he determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes.").

"[T]he federal court's jurisdiction is a threshold question which must be answered prior to the disposition of each case before it." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  Under the circumstances of this case, where there is a factor of domicile pointing toward the possibility that the Places could be domiciled in Arizona, the Court will require the Places to (1) file an amended notice of removal, to

---

[1] The Places admit that they own the property but deny that they maintain it.  (Doc. 6 ¶ 2.)

- 4 -

amend the jurisdictional averment deficiency, and (2) justify its allegations by a preponderance of evidence by filing competent proof of the Places' place of domicile. As to the competent proof, the Places are advised that "domicile is evaluated in terms of objective facts and that statements of intent are entitled to little weight when in conflict with facts." *Lew*, 797 F.2d at 750 (cleaned up).

Accordingly,

**IT IS ORDERED** that the Places shall file (1) an amended notice of removal properly stating a jurisdictional basis for this action and (2) evidence supporting the Places' asserted place of domicile within 14 days of the date of this order.[2]

**IT IS FURTHER ORDERED** that if the Places fail to file an amended notice of removal and evidence supporting their asserted place of domicile within 14 days, the Clerk of Court shall remand this action to state court without further notice.

Dated this 16th day of March, 2026.

Dominic W. Lanza
United States District Judge

---

[2] Alternatively, the parties may file a stipulation to remand this action to state court.