**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ricardo Arreola,<br>Plaintiff,<br>v.<br>Brian Place, et al.,<br>Defendants. | No. CV-26-01544-PHX-DWL<br>**ORDER** |

This action was initiated in Maricopa County Superior Court on August 27, 2025 (Doc. 1-1 at 16) and removed on March 5, 2026 (Doc. 1).

On June 17, 2026, the parties filed a joint stipulation to arbitrate and stay the action. (Doc. 23.) Specifically, although Plaintiff did "not concede that any claim, cause of action, or requested relief raised in this action is subject to arbitration on the merits," the parties agreed that "the threshold issue of arbitrability may be presented to an arbitrator for determination pursuant to the parties' asserted arbitration agreement provision" and that "a stay of all proceedings pending arbitration on the threshold issue of arbitrability of Plaintiff's claims [would] promote judicial economy." (*Id.*) The parties therefore asked the Court to stay this action and "retain jurisdiction to lift or modify the stay, enforce this Stipulation, address any issues following the arbitrator's determination of arbitrability, and, if applicable, confirm any final decision or award rendered in the arbitration." (*Id.*)

On June 25, 2026, the Court issued an order granting the parties' stipulation. (Doc. 26.) The Court stayed the action "pending resolution of the arbitration" and retained

jurisdiction, as requested, to "enforce" the stipulation. (*Id.*) The Court ordered the parties to "file a status report every six months and within 10 days of the conclusion of the arbitration." (*Id.*)

On November 18, 2026, Defendant Airbnb Incorporated ("Airbnb") filed a status report indicating that "no arbitration has commenced." (Doc. 27.) Assertedly, on September 30, 2026, Plaintiff's counsel stated that "Plaintiff does not intend to initiate arbitration because Plaintiff's position remains that the asserted arbitration agreement does not apply to these claims" and that it was incumbent upon Defendants to initiate the arbitration proceeding because Defendants were the ones seeking enforcement of the arbitration agreement. Airbnb responded that it "remains ready and willing to participate in the arbitration" but was apparently unwilling to initiate it. (*Id.*) Airbnb located "the AAA's online filing link" and sent it to Plaintiff. (*Id.*) Defendants Brian and Mattie Place "reiterated the request to initiate arbitration" twice in October. (*Id.*)

When a plaintiff files a lawsuit, the defendant argues the lawsuit is subject to arbitration, the plaintiff disputes arbitrability, and the court nevertheless orders the parties to submit to arbitration, the question of which side is responsible for initiating the resulting arbitration proceeding can be a tricky one that turns on the specific language of underlying arbitration agreement. *See, e.g., Arzate v. ACE Am. Ins. Co.*, 108 Cal. App. 5th 1191 (Cal. Ct. App. 2025). Here, however, the Court had no reason to consider that issue because the parties never sought judicial resolution of any disputes over arbitrability, never presented a copy of the underlying arbitration agreement, and never excerpted the relevant language of that undisclosed agreement—instead, they simply filed a joint stipulation to arbitrate and asked the Court to grant it. When the Court did so, it was under the impression that the parties had already worked out the logistical details of what would come next—not that it was agreeing to initiate a months-long staring contest between the parties to see who would blink first.

The Court did not think it necessary to set a deadline for initiating the arbitration process in its June 26, 2026 order but will do so now. Compliance with this order, as with

all orders, is mandatory. *Henderson v. JPMorgan Chase Bank*, 2017 WL 11680967, *3 (C.D. Cal. 2017) ("Courts have an 'inherent power' to enforce compliance with their own orders and stipulations made to the Court."). The Court will not designate which party will begin the arbitration process because, as noted above, it does not have access to the contractual language bearing on that issue.

Accordingly,

**IT IS ORDERED** that the deadline to initiate arbitration and file a notice confirming the arbitration has been initiated is December 11, 2026.

**IT IS FURTHER ORDERED** that if the parties cannot agree on which party is contractually obligated to initiate the arbitration (or, if the contract does not obligate any party, if the parties cannot reach an agreement as to which party will initiate it), the parties shall, by December 2, 2026, file a notice of dispute setting forth the parties' arguments, not to exceed seven pages for Plaintiff and seven pages for Defendants, regarding which party is responsible for initiating the arbitration. The notice must attach the parties' contract(s) in its/their entirety and include pin-citations to relevant portions. If the parties submit a notice of dispute by the December 2, 2026 deadline, the deadline to initiate arbitration is extended to three business days from the date on which the Court resolves the dispute.

Dated this 20th day of November, 2026.

Dominic W. Lanza
United States District Judge